# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Southern Texas** |
|---|---|
| Name (under which you were convicted): **Leonel Juarez-Guerrero** | Docket or Case No.: |
| Place of Confinement: **Giles W. Dalby Correctional Facility 805 NortH Avenue F. Post, Tx, 79356** | Prisoner No.: **58497-379** |
| UNITED STATES OF AMERICA v. **LEONEL JUAREZ-GUERRERO** | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **U.S. District Court for the District of Southern Texas
   David H. Bradley District Clerk Bob Casey U.S. Courthouse
   515 Rusk Houston Texas 77002-2603.**

   (b) Criminal docket or case number (if you know): **7:14CR00023-001**

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: **June 19, 2014**

3. Length of sentence: **12 Months.**

4. Nature of crime (all counts): **8:1326(A)&1326(B) BEING FOUND IN THE U.S. AFTER PREVIOUS DEPORTATION.**

United States Courts
Southern District of Texas
FILED

AUG 22 2014

David J. Bradley, Clerk of Court

5. (a) What was your plea? (Check one)

   (1) Not guilty ❏     (2) Guilty ☒     (3) Nolo contendere (no contest) ❏

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily, or made withou an understanding of the nature of the charge and the consequences of the plea.**

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❏     Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☐     No ☒

9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐     No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

 (4) Nature of the proceeding:

 (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❏ No ❏

 (7) *Result:*

 (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

 (1) Name of court:

 (2) Docket or case number (if you know):

 (3) Date of filing (if you know):

 (4) Nature of the proceeding:

 (5) Grounds raised:

 (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ❏ No ❏

 (7) Result:

 (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

 (1) First petition: Yes ❏ No ❏

 (2) Second petition: Yes ❏ No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE: PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO PROPERLY ADVISE CONSTITUTIONAL RIGHTS.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The failure to advise Petitioner of Boykin trial rights, guaranteed to him by the Fifth and Sixth Amendments, resulted in an unknowing, and voluntary guilty plea in violation of the Due Process Clause of the Fifth Amendment. The failure to advise Petitioner pursuant to Rule 11 of the Federal Rules of Criminal Procedure resulted in an invalid guilty plea. The sentnece should be vacated to allow Petitioner, if he so chooses, to enter a knowing, intelligent and voluntarily guilty plea pursuant to the Fifth and Sixth Amendment following the procedure set forth in Rule 11 of the Federal Rules of Criminal Procedure.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition:
  Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO: **PETITIONER WAS DEPRIVED OF THE EFFECTIVE ASSISTENCE OF HIS COUNSEL BY THE FAILURE TO OBJECT UN SUPPORTED ALLEGATION IN THE PRESENTENCE WORKSHEET IN DETERMINING AGGRAVATED FELONY.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    The probation officer recommended a – offense level based on an alleged conviction for aggravated felony conviction. The probation officer did not identify which he relied upon. Nor did the probation officer identify the statute of conviction or provide any documents supporting either conviction. In relying on the probation officer's bare assertions to increase Petitioner sentence, the district court erred. Because aggravated felony statutes include conduct that does not qualify as acrime of aggravated felony, the district court's error affected Petitioner's sustantial rights and should be corrected.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:** PETITIONER WAS DENIED THE EFFECTIVE ASSISTENCE OF HIS COUNSEL BY NOT ASSURING THAT THERE WAS NOT AN ADEQUATE FACTUAL BASIS FOR HIS GUILTY PLEA.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
There was ineffective assistence of trial counsel because Petitioner's attorney failed to argue that " at his removal proceedings, Petitioner was not advised of his right to appeal or right to counsel in Spanish. The failure to argue that there were irrugularities in the underlying deportation order on which his charge of illegal reentry was predicate. There is no record of Petitioner validly waiving his right to counsel in his removal proceeding.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** DEFENSE COUNSEL RENDERED INEFFECIVE ASSISTENCE OF COUNSEL BY FAILING TO FILE A TIMELY NOTICE OF APPEAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): There should be no question that counsel's representation fell below that objective standard of reasonableness, trial counsel was ineffective and Petitioner suffered the consequences in not being able to appeal his conviction. Also, undoubtedly counsel's ineffectiveness was clearly prejudicial. Pursuant to Strickland's two-prong tests, counsel's conduct is ineffective if his acts were outside the wide range of profesionally competent assistance. It is clearly established the Due Process Clause of the Fifth Amednment and the Assistence of COunsel of the Sixth Amendment governs the right to counsel. The right extends to Petitioner direct appeal. As such trial's failure to file notice of appeal violated Petitioner Constitutional rights the principle by the Supreme Court, therefore, the error should be corrected issuing a out-of-time direct appeal. Petitioner claims that counsel was ineffective because he failed to file a timely notice of appeal. Petitioner met with his attorney immediately after sentencing and discussed his opportunity to file an appeal and post conviction motions. Petitioner did indicate his desire to appeal or challenge the conviction. ("actual innocence").

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court?

    If so, which ground or grounds have not been presented, and state your reasons for not presenting them: A claim of ineffective assistence of both trial and appellate counsel as a potential basis for direct appeal are almost never suitable because the record almost inevetably will contain the crucial information for assessing them properly. Petitioner wanted to seek evidentiary support for an ineffective assistence claim outside the trial's record and thus present the cliams in a post-conviction motion.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: **vacate his sentence and allow him to withdraw his guilty plea and proceed to a jury trial.**

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on **August 21, 2014** (date).

*[signature]*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.



Leonel Juarez-Guerrero
Reg. No. 58497-379
Giles W. Dalby C.F.
805 North Avenue F.
Post, Tx, 79356

United States Courts
Southern District of Texas
FILED

AUG 22 2014

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
DAVID H. BRADLEY DISTRICT CLERK
BOB CASEY U.S. COURTHOUSE
515 RUSK
HOUSTON TEXAS 77002-2603

L E G A L M A I L